## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | | |
|---|---|---|
| **WYSONG CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No._____** |
| | ) | |
| **MARS PETCARE US, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

This is an action brought under the Lanham Act for false advertising. The defendant, Mars Petcare US, Inc. (Mars), uses photographs of chicken breasts, premiums cuts of beef, lamb chops, salmon filets, premium vegetables and other premium foods on pet food packages, purporting to show what is contained in those packages. Typically, the packages contain the opposite of what is portrayed:

(A). Chicken breasts are pictured, but the actual ingredients are less costly trimmings and other parts <u>minus</u> the chicken breasts.

(B). Premium cuts of beef are pictured, but the actual ingredients are less costly trimmings and other parts <u>minus</u> the premium cuts of beef.

(C). Lamb chops are pictured, but the actual ingredients are less costly trimmings and other parts <u>minus</u> the lamb chops.

(D). Salmon filets are pictured, but the actual ingredients are less costly trimmings and other parts <u>minus</u> the salmon filets.

In some products, the primary ingredients are, instead of the premium cuts pictured, viscera, bones, feet, heads, and other animal by-products. In other cases, the primary ingredients are non-premium cuts taken from a completely different animal than that depicted. In short, the premium meats, fish and vegetables portrayed on Mars's pet foods do not fairly represent the actual ingredients of the packages. The portrayals are literally false and thus by their very nature have the capacity to deceive consumers. The actions by Defendant are intentional, willful, fraudulent, deliberate, and in bad faith.

In order to compete against a company that uses such deceptive photographs and lower cost ingredients to gain advantage in the market, Wysong Corporation (Wysong) has only two options. It can even the playing field by engaging in the same deceptive conduct, or it can bring this action. Some competing companies have chosen the first option. Wysong chooses the second.

Fortunately, Section 43 of the Lanham Act is designed to remedy such an injustice:

"Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

Through this Section 43 action, Wysong seeks to end Mars's false advertising and deception, and, as provided by the act, deprive it of the profits wrongfully obtained.

## THE PARTIES

1.      For the past 37 years, Plaintiff Wysong has been an innovative leader in developing and manufacturing pet food and a variety of pet and human nutritional products that prioritize health. Wysong makes and sells pet foods and other nutritional products to distributors, stores, and retail customers in the United States. Plaintiff is incorporated in the state of Michigan. Plaintiff's principal place of business is in Midland, Michigan.

2.      Defendant, Mars, a competing pet food manufacturer much larger than Wysong, also sells pet food in the United States, including in this

judicial district and division. Defendant is incorporated in Delaware with its principal place of business in Franklin, Tennessee.

## JURISDICTION AND VENUE

3.     This is an action for false advertising and arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et. seq. ("Lanham Act").

4.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (Lanham Act) and 28 U.S.C. § 1331 (federal question).  The Court also has diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     This Court has personal jurisdiction over Defendant because Mars sells the products at issue in this case to retailers and consumers in this district. Customers in this district are therefore subjected to Defendant's false marketing in this District. Defendant has also distributed television commercials, in person promotions, print advertisements, internet advertisements, and related materials depicting and presenting the packages at issue in this case in this district. It regularly sends its employees into this district. Customers while present in this district regularly view the photographs at issue online, purchase products and have them shipped to this

district. The Plaintiff's claims are directly related to Defendant's activity in this district.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to this action have occurred and will occur within this district.

## MARS'S FALSE, MISLEADING AND DECEPTIVE ADVERTISING ACTIVITIES

7.      Mars is the largest pet food manufacturer in the world. It sells its products under many brand names including:

- California Natural          - Nutro

- Cesar                       - Pedigree

- EVO                         - Royal Canin

- Eukanuba                    - Sheba

- Greenies                    - The Goodlife Recipe

- IAMS                        - Whiskas

- Innova                      - Temptations

8.      Purchasers of pet food rely heavily on packaging to make their purchasing decisions. Defendant knows that premium ingredient pictures on packages and in advertising exert a particularly strong influence over purchasers' decisions.

9.     The photographs used by Mars unfairly capitalize on the present trend by customers to prefer fresh, raw, and natural ingredients. Most pet food consumers place a higher value on pet food that they perceive as having ingredients like those they would purchase and cook for their families. They believe that such foods are better than other foods that do not have that appearance. When deciding between Mars and Wysong, many consumers choose Mars products over Wysong products because the pictures deceptively suggest that Mars products contain higher cost and quality ingredients, while Wysong products are presented to pet owners without such deceptive pictures.

10.     The actions of Mars described herein are willful. The photographs are intended to cause the buying public to believe that the ingredients depicted fairly represent the actual contents of the packages. In many instances the photograph is placed on the package next to a photograph of the finished processed nugget to convey equivalency. The pictures are intended to cause the buying public to believe that the product they are feeding their pets is of a premium human grade quality, like what they are feeding their family.

11.     And indeed, for many pet owners their dogs and cats are considered members of the family, which is, in part, why Defendant's deceptive practices are so unconscionable. Defendant's false representations

play upon the natural inclination among pet caretakers to purchase the highest quality, premium foods that are in accordance with their own sensibilities.

12.    Examples of some of the deceptive photographs and depictions are the following:





13.    Attached to this complaint are exhibits containing the set of all the photographs used by Mars that are known to Plaintiff to be misleading. Each photograph in these exhibits is identified by Mars brand and Mars product. Plaintiff expects that other products with similar photographs may be identified through discovery.

14.    All the photographs in the attached exhibits are misleading because on no occasion does any photograph depicting premium cuts of beef, chicken, lamb, fish or other animal ingredients fairly represent the actual contents of the package. Mars's usual practice is to depict premium cuts having the appearance of something a customer would feed his family, and then place in the package lower cost parts of the animal left over after all the parts a human finds appetizing have been removed. Additionally, the depictions of fresh vegetables, in many instances, do not fairly represent what is actually in the package.

15.    On every occasion where one of the photographs in the exhibits is placed on a package, the actual product contains lower cost ingredients than those depicted. The actual ingredients used bear no resemblance to the premium cuts depicted. The pictured foods are interpreted as appetizing by customers while the actual ingredients would illicit a much different, and opposite reaction. On many occasions what is actually used by Mars is not any form of fresh product but rather an ingredient purchased by Mars in a form that has previously been cooked, dried, or processed.

16.    The advantage gained by Mars through this public deception is two-fold. First it portrays higher quality ingredients than that present in order to attract well-meaning but unwitting and trusting consumers. Secondly, Mars can then offer this deceptive quality at a much reduced price afforded by the lower cost of the inferior ingredients. This increases the market share and profitability of Mars since they are able to advertise a purportedly "premium" pet food without the accordant premium ingredient costs.

The following are typical of the cost savings enjoyed by Mars:

-  Chicken breasts like those pictured have a wholesale cost in the range of $1.50 per pound, but the lower grade chicken Mars actually puts in the packages costs approximately $.12 per pound.

- Cuts of beef like those pictured have a wholesale cost in the range of $4.00 per pound, but the lower grade beef placed in the packages costs approximately of $.14 per pound.

- Cuts of lamb like those pictured have a wholesale cost in the range of $6.50 per pound, but the lower grade lamb placed in the packages costs approximately $.43 per pound.

- Salmon filets like those pictured have a wholesale cost in the range of $3.50 per pound, but the lower grade salmon placed in the packages costs approximately $.13 per pound.

(These costs savings are estimates. The exact cost savings will have to be determined by discovery under the Federal Rules of Civil Procedure.)

17.    With regard to some of the packages there are the following additional deceptions:

(A) On some pet food products, Mars depicts premium cuts of chicken, beef, lamb, or fish but the primary animal ingredient is a low cost and low grade animal "by-product." The standard definition of "meat by-products" excludes by definition the prime cuts shown in the photographs and instead includes such things as stomachs, intestines, blood, bone, spleen, kidneys, udders and lungs. The standard definition of "poultry by-products" includes

internal organs, viscera, heads and feet. The use of animal "by-product" instead of the premium cuts in the photographs is particularly egregious. These ingredients are derived from the cheapest part of the animal. It is false, misleading, and deceptive because the unrepresentative pictures lead consumers to believe that they are purchasing a product consisting of ingredients they would feed their family at a bargain price, when in fact the product they are getting is something they would never feed their family. Plaintiff is aware of the following pet food products by Mars that deceive consumers in the manner outlined in this paragraph: Mars dog food and treats such as Iams Proactive Health Weight Control; Iams Proactive Health Mature Adult Small & Toy Breed; Iams Proactive Health Mature Adult Large Breed; Iams Proactive Health Mature Adult; Iams Proactive Health Weight Control Large Breed; Iams So Good with Savory Chicken; Pedigree Active Targeted Nutrition with Chicken, Rice & Vegetables; Pedigree Healthy Longevity Targeted Nutrition with Chicken. Mars cat foods and treats such as Iams Proactive Health Indoor Weight & Hairball Care; Iams Proactive Health Multi Cat Complete; Iams Proactive Health Sensitive Stomach; Iams Proactive Health Hairball Care Mature Adult; Iams Proactive Health Optimal Weight with Chicken; Iams Proactive Mature Adult. Other products in this category may be identified through discovery.

(B) On some products Mars outrageously depicts premium cuts from a particular animal when the primary animal ingredient in the product is not only of a lower cost, it is from a completely different species of animal. Mars's use of a completely different species of animal as the primary animal ingredient in these pet food products is false, misleading and deceptive as it leads consumers to believe they are purchasing a pet food with the identified animal as the primary animal ingredient, when in fact the product may not contain or only minimally contain the animal ingredient consumers intended to purchase for their pets. Plaintiff is aware of the following pet food products by Mars which deceive consumers in the manner outlined in this paragraph: Mars dog foods and treats such as Iams Healthy Naturals with Lamb + Rice; Iams Premium Dog Food Chunks with Beef & Vegetables in Gravy; Iams Proactive Health Adult Ground Dinner with Lamb and Rice; Iams Proactive Health Adult Ground Dinner with Beef and Rice; Iams Proactive Health Adult Ground Dinner with Turkey and Rice; Iams Grain Free Naturals with Salmon + Red Lentils; Nutro Small Breed Adult Tender Chicken & Whole Brown Rice Stew; Pedigree Little Champion Butchers Stew with Beef; Pedigree Little Champions Casserole Dinner with Beef, Noodles & Vegetables; Pedigree Little Champions Senior Morsels in Sauce with Lamb & Rice; Pedigree Little Champions Puppy Complete Nutrition Morsels in Sauce with

Chicken. Mars cat foods and treats such as Iams Adult Filets Salmon in Sauce; Iams Adult Filets Tuna in Sauce Cat Food. Other products in this category may be identified through discovery.

(C)     In some products, Mars even combines the deceptions in (A) and (B), using photographs of a premium cut from a particular animal when the primary animal ingredient in the package is both the much lower cost "by-product" of an animal and is also from an animal of a different species. Mars's use of a by-product from a completely different species is false, misleading, and deceptive. Plaintiff is aware of the following pet food products by Mars that deceive consumers in the manner outlined in this paragraph: Mars dog foods and treats such as Iams ProActive Health Puppy Ground Dinner with Chicken and Rice; Iams So Good with Hearty Beef; Iams So Good with Succulent Salmon; Pedigree Little Champions Meaty Ground Dinner with Beef. Mars cat food such as Iams Proactive Health Healthy Adult with Tuna. Other products in this category may be identified through discovery.

18.     Along with photographs and depictions of premium meat cuts discussed above, Mars has pictures of premium fruits and vegetables on the products listed in the attached exhibits. The images are false, misleading, and deceptive. The actual fruits and vegetables used in Mars's pet food products are not fairly represented by the ingredients pictured. Consumers are deceived

into thinking they are purchasing food for their pets which contain the same fruits and vegetables they would serve their family at meals, when in fact the ingredients typically bear little to no resemblance to images Mars places on its pet food products.

## CAUSE OF ACTION

(False Advertising Under Lanham Act § 43(a), 15 U.S.C. § 1125(a))

19.    Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1-18 as if fully set forth in this cause of action.

20.    The packages containing the photographs were shipped in interstate commerce to distributors, stores and customers throughout the United States. Mars, in connection with goods shipped in interstate commerce, willfully made and continues to use false and misleading descriptions of fact. These false and misleading statements of fact, for the purpose of gaining unjust profit, are intended to mislead, and cause consumer confusion, mistake, and deception as to the goods at issue.

21.    These false and misleading images were made and continue to be used in commercial advertising on products in a manner material to the public's decision to purchase Mars's product rather than those of Wysong.

22.   Mars reinforces its misleading photographs on packages discussed herein with television, internet, and print advertising with substantially the same depictions.

23.   Such acts by Mars constitute false and misleading descriptions and representations in commercial advertising and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24.   As a proximate result of Defendant's willful systematic fraud consumers are deceived. This damage to consumers and Wysong will continue like a cancer until Mars ceases to use false and misleading images in connection with its products. Wysong has lost sales and its growth has been hindered by the actions of Mars described herein.

25.   Mars has unjustly profited from its deceptions. Because of its deceptions it sold more product and gained more profit than if it had truthfully pictured the actual ingredients in its packages. The substitution of less costly ingredients also unjustly enriched Mars by the difference between the cost of what was represented through pictures to be in the products and the cost of what was actually in the products. Unless these activities cease, Mars will continue to unjustly profit from sales of its products.

26.   Pursuant to 15 U.S.C. § 1117, Wysong is entitled to disgorgement of Defendant's profits, corrective advertising, and

reimbursement for the costs of this action and its related attorney's fees due to the deliberately deceptive actions by defendant.

## CLAIM FOR RELIEF

WHEREFORE, Wysong prays that the Court enter a judgment against Mars:

(a)    finding that, by the acts complained of above, Mars has engaged in false advertising and commercial disparagement in violation of 15 U.S.C. § 1125(a);

(b)    finding that the acts complained of above were willful;

(c)    finding that Mars has been unjustly enriched as a result of its false advertising and false comparative advertising tactics;

(d)    enjoining Mars, its agents, servants, employees, officers, and all persons in active concern and participation with Mars, from misleading the public using false and misleading images on Mars products, including images that are likely to lead consumers to believe that its pet food products contain ingredients different from the ingredients actually in the products;

(e)    requiring Mars to engage in effective comprehensive corrective advertising, including advertising that informs consumers what the actual ingredients are in Mar's products and that they are not, as they have previously suggested, of the type a consumer would feed their family;

(f)     requiring Mars to destroy all product packaging and all other materials displaying false and misleading images;

(g)     declaring that this is an "exceptional case" due to the willful nature of Defendant's deceptive conduct;

(h)     ordering Mars to account to Wysong for all gains, profits, savings and advantages obtained by Mars as a result of its false advertising and unfair competition and disgorge to Wysong restitution in the amount of such gains, profits, savings and advantages;

(i)     ordering Defendant to pay:

      i.    costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

      ii.    Mars's profits and cost savings from the sale of its products resulting from its false advertising and other unlawful practices;

      iii.    any pre-judgment or post-judgment interest as to which it may be entitled by law; and

      vi.    all costs of this litigation.

(j)     awarding Wysong such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Wysong hereby demands trial by struck jury.

/s/ Hugh R. LeFevre

One of the Attorneys for Plaintiff

Hugh R. LeFevre
LeFevre & LeFevre, PLLC
902 Court Street
Saginaw, MI 48602
Tel: 989.790.3133
hugh@lefevrelaw.com

**OF COUNSEL:**
D. Frank Davis
John E. Norris
Wesley W. Barnett
Dargan Ware
Kristen B. Rivers
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com
krivers@davisnorris.com

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Plaintiffs hereby request service upon the following named defendant through its registered agent for service by certified mail pursuant to the Federal and Michigan Rules of Civil Procedure.

Mars Petcare US, Inc.
315 Cool Springs Boulevard
Franklin, TN 37067

/s/  Hugh R. LeFevre
One of the Attorneys for Plaintiff